UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2009 OCT -6  P 4· 08

 ·.·. A. P. HACKETT, CLK
   · S DISTRICT COURT
  · · ·'E ' '  D ' ·.·. A

| | |
|---|---|
| **Johnny C. Johnson and Carolyn G. Johnson**, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) |
| | ) |
| **ACA Financial Services, Inc.,** a domestic | ) |
| corporation, **Citifinancial Corporation, LLC,** a | ) |
| foreign limited liability company, **Equifax** | ) |
| **Information Services, LLC,** a foreign limited | ) |
| liability company, and **Experian Information** | ) |
| **Solutions, Inc.,** a foreign corporation, | ) |
| | ) |
| *Defendants.* | ) |

Civil Action No.: 1:09-cv-936

**Plaintiffs Demand Jury Trial**

## COMPLAINT

**COME NOW** Plaintiffs, by and through the undersigned counsel, and would show unto

this Honorable Court as follows:

## PRELIMINARY STATEMENT

1.      This Complaint seeks actual, compensatory, statutory and punitive damages, including

injunctive and declaratory relief, brought by individual consumers (hereinafter

collectively referred to as "Plaintiffs") against Defendants, jointly and severally, for

violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred

to as "the FCRA"), and state common law causes of action.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331,

and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of Plaintiffs' rights, as alleged herein, occurred in Coffee County, Alabama, and were committed within the Southern Division of the Middle District of Alabama.

## PARTIES

3.  Plaintiff Johnny C. Johnson (hereinafter referred to as "Plaintiff") is a natural person and a resident and citizen of Coffee County, the state of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by the FCRA and Ala. Code 1975, § 8-19-3(2).

4.  Plaintiff Carolyn G. Johnson (hereinafter referred to as "Plaintiff") is a natural person and a resident and citizen of Coffee County, the state of Alabama, and of the United States.

5.  Defendant ACA Financial Services, Inc. (hereinafter referred to as "ACA Financial" or "Defendant") is a domestic corporation engaged in furnishing credit to consumers in the state of Alabama.

6.  Defendant Citifinancial Corporation, LLC (hereinafter referred to as "Citifinancial" or "Defendant") is a foreign corporation engaged in furnishing credit to consumers in the state of Alabama.

7.  Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f)

of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

8.    Defendant Experian Information Solutions, Inc. (hereinafter referred to as "Experian" or "Defendant") is a foreign corporation licensed to do business within the state of Alabama. Experian is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

### Defendant ACA Financial and Citifinancial:

9.    Plaintiffs incorporate by reference herein paragraphs one (1) through eight (8).

10.    On October 24, 2003, Plaintiffs filed for debt relief under Title 11 of the United States Bankruptcy Code and were discharged on April 9, 2008.[1]

11.    Notwithstanding the aforesaid, Defendants continue to report Plaintiffs' accounts to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having a current balance due and payable, rather than reflecting that such were discharged in bankruptcy.

12.    More specifically:

---

[1] United States Bankruptcy Court for the Middle District of Alabama, Case No.: 03-12468.

a)     ACA Financial reported and/or verified as recently as August, 1, 2009, to Equifax that each Plaintiff owes $684 to ACA Financial.  Furthermore, ACA Financial reports that such account is a "[b]ad debt; placed for collection; skip" and a "CHARGED OFF ACCOUNT."  ACA Financial was identified within Schedule F - Creditors Holding Unsecured Nonpriority Claims as having an unpaid balance of $972.90.

b)     Citifinancial reported to Experian that Plaintiff Johnny C. Johnson owes $2,319.00 to Citifinancial.  Furthermore, Citifinancial reports that the unpaid balance was reported as a loss by the credit grantor.  Citifinancial was identified within Schedule F - Creditors Holding Unsecured Nonpriority Claims as having an unpaid balance of $4,167.00.

13.    Defendants obtained knowledge of Plaintiffs' discharge on at least two separate occasions, *i.e.*, receipt of the BNC Certificate of Service – Meeting of Creditors and the BNC Certificate of Service – Order of Discharge, as the result of their inclusion within Schedule F - Creditor's Holding Unsecured Nonpriority Claims of Plaintiff's bankruptcy petition.

14.    Defendants have recklessly, intentionally, willfully and/or maliciously failed to implement reasonable procedures to insure that Plaintiffs' accounts are reported as having "0" balances as contemplated by the Fair Credit Reporting Act.  The FTC's Official Staff Commentary § 607 item 6 states that "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero

balance due to reflect the fact that the consumer is no longer liable for the discharged

debt." Acknowledging that the Federal Trade Commission's Staff Commentary lacks

substantive precedential esteem it is persuasive in that it provides an explanation of the

phrase "reasonable procedures."

15.     Notwithstanding that Defendants properly update numerous accounts each month they

have negligently, intentionally, maliciously and/or willfully refused to do so with

Plaintiffs, and other similarly situated consumers.  More specifically, Defendants have a

pattern or practice of failing and/or refusing to properly update credit files of consumers

who have obtained debt relief through the U.S. Bankruptcy Code.

16.     As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy

Court for the Middle District of Alabama, "[t]he sheer number of ... cases [filed for a

creditor's failure and/or refusal to update a discharged debtor's credit reports] may

suggest that some creditors are systematically taking such action in an effort to diminish

the value of a discharge in bankruptcy."[2]

17.     Defendants have promised, through their subscriber agreements or contracts with the

CRAs, to update accounts that have been discharged in bankruptcy but have willfully,

---

[2] In re Norman, 2006 WL 2818814 (Bankr.M.D.Ala. September 29, 2006) (*citing Irby v. Fashion Bug (In re Irby), 337 B.R. 293 (Bankr.N.D.Ohio 2005)* (reporting discharged debts as past due on credit report); *Helmes v. Wachovia Bank, N.A. (In re Helmes),* 336 B.R. 105 (Bankr.E.D.Va.2005) (reporting the discharged debt as "over 120 days past due" on credit report); *Smith v. Am. Gen. Fin. Inc. (In re Smith),* 2005 WL 3447645 (Bankr.N.D.Iowa Dec. 12, 2005) (reporting discharged debts as "account charged off/past due 180 days," "charged off as bad debt," and "charged-off" on credit report); *In re Miller,* 2003 WL 25273851 (Bankr.D.Idaho Aug. 15, 2003) (listing discharged debts as still due on the consumer's credit report); *Vogt v. Dynamic Recovery Servs. (In re Vogt),* 257 B.R. 65 (Bankr.D.Colo.2000) (reporting discharged credit card debts as still owed on credit report); *Carriere v. Proponent Fed. Credit Union,* 2004 WL 1638250 (W.D.La. July 12, 2004) (reporting discharged debts as "charged off" and "past due 180 days" on credit report)).

maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiffs' credit reports.

18.    Defendants have agreed to and understand they must follow the requirements of the FCRA including, but not limited to, the following:

a)    15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[3]

b)    15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

(i)    the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii)    the information is, in fact, inaccurate."

c)    15 U.S.C. § 1681(a)(2) which states, "[a] person who -

(A)    regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B)    has furnished to a consumer reporting agency information that the person

_____

[3] As indicated herein, Defendant has either affirmed the validity of, or attempted to collect upon, these debts by reporting the same to the CRAs subsequent to Plaintiff's discharge.

determines is not complete or accurate, shall promptly notify the
consumer reporting agency of that determination and provide to the
agency any corrections to that information, or any additional information,
that is necessary to make the information provided by the person to the
agency complete and accurate, and shall not thereafter furnish to the
agency any of the information that remains not complete or accurate."
(emphasis supplied).

19.     Defendants know that "parking" a balance on consumer accounts will lead to the
publication of false and defamatory information every time that consumer's credit reports
are accessed.  Because Plaintiffs' credit reports have been accessed since the discharge,
Plaintiffs have been defamed in that such false information has been published to third
parties.

20.     All actions taken by employees, agents, servants, or representatives of any type for
Defendants were taken in the line and scope of such individuals' (or entities')
employment, agency, or representation.

21.     Defendants' actions, engaging in a pattern or practice of parking balances on consumer
accounts that have been discharged in bankruptcy, were malicious, wanton, reckless,
intentional or willful, and performed with the desire to harm Plaintiffs, with the
knowledge that their actions would very likely harm Plaintiffs, and that their actions were
taken in violation of the law.

22.     The actions, omissions, misrepresentations, and violations of the FCRA, ADTPA, federal

law, and state law of Defendants, regarding Plaintiffs' discharged debts, as described

herein, have proximately caused Plaintiffs to suffer severe mental distress, mental and

physical pain, embarrassment, and humiliation of which Plaintiff will in the future

continue to suffer.

**Defendants Equifax and Experian:**

23.    Defendants have failed to implement and/or follow "reasonable procedures to assure

maximum possible accuracy" of the information they have published, and continue to

publish, in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

24.    Indisputably, based upon the sheer volume of factually identical actions, Defendants

should reasonably be aware of the inadequacy of their procedures and implement policies

to improve the accuracy of the information they publish.  The FTC's Official Staff

Commentary § 603 item B states that "[a] consumer reporting agency must also adopt

reasonable procedures to eliminate systematic errors that it knows about, or should

reasonably be aware of, resulting from procedures followed by its sources of

information."

25.    Defendants' intentional, reckless, and willful violations of the FCRA and state law have

proximately caused Plaintiffs to suffer severe mental distress, mental and physical pain,

embarrassment, and humiliation which Plaintiffs will in the future continue to suffer.

**COUNT ONE**
**ALL DEFENDANTS**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681, _et seq._**

26.    Plaintiffs incorporate by reference herein paragraphs one (1) through twenty-five (25).

27.    In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

        a)    By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiffs, to follow reasonable procedures to assure maximum possible accuracy of the information they report as required by 15 U.S.C. § 1681(e)(b);[4]

        b)    By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

        c)    By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, <u>failing to update and/or correct previously reported information determined to be inaccurate or incomplete</u>, failing to provide notice of dispute, and failing to provide notice of closed account;

        c)    Defaming Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness;

        d)    Invading the privacy of Plaintiffs; and

        e)    Failing in their duty to prevent foreseeable injury to Plaintiffs.

28.    The foregoing acts and omissions were undertaken by Defendants willfully, intentionally,

---

[4] Because the consumer credit files of Plaintiffs, as maintained by both Equifax and Experian, contain information regarding Plaintiffs' bankruptcy, it is undisputed that these Defendants possess knowledge regarding the same.

and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiffs.

29.   As a result of the above violations of the FCRA, Defendants are liable for Plaintiffs' actual, compensatory, and statutory damages, and costs and attorney's fees under the FCRA.

## COUNT TWO
## DEFENDANTS ACA FINANCIAL AND CITIFINANCIAL
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

30.   Plaintiffs incorporate herein by reference paragraphs one (1) through twenty-nine (29).

31.   Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiffs.

32.   As a proximate consequence of Defendants' negligence, Plaintiffs have been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT THREE
## ALL DEFENDANTS
## INVASION OF PRIVACY

33.   Plaintiffs incorporate by reference herein paragraphs one (1) through thirty-two (32).

34.   Defendants' conduct, as described herein, constitutes an invasion of Plaintiffs' privacy in that it intrudes into Plaintiffs' private lives, publishes private facts regarding Plaintiffs, and places Plaintiffs in a false light in the eyes of those to whom the publications are made.

35.   Defendants' actions were done so maliciously, without privilege, and with a willful intent
      to injury Plaintiffs.

36.   As a proximate consequence of Defendants' invasion of Plaintiffs' privacy, Plaintiffs
      have been caused to suffer severe emotional and mental distress, and Defendants are
      liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's
      fees, and any other and further relief deemed appropriate by this Court.

## COUNT FOUR
## ALL DEFENDANTS
## DEFAMATION

37.   Plaintiffs incorporate by reference herein paragraphs one (1) through thirty-six (36).

38.   Defendants published false information about Plaintiffs by reporting to one or more of
      the CRAs, or other third parties, either a false account or balance.

39.   Likewise, Defendants published false information about Plaintiffs each time Plaintiffs'
      credit reports were accessed – which was the result intended by Defendants.

40.   The publications and defamations were done so maliciously, without privilege, and with
      a willful intent to injure Plaintiffs.

41.   As a proximate consequence of Defendants' false reporting or publishing, Plaintiffs have
      been caused to suffer severe emotional and mental distress, and Defendants are liable to
      Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and
      any other and further relief deemed appropriate by this Court.

## COUNT FIVE
## DEFENDANTS ACA FINANCIAL AND CITIFINANCIAL
## DECLARATORY AND INJUNCTIVE RELIEF

42.     Plaintiffs incorporate herein by reference paragraphs one (1) through forty-one (41).

43.     A dispute exists as to whether Defendants have violated the FCRA or state law.

44.     Plaintiffs are entitled to injunctive relief, a declaratory judgment, and a determination that Defendants violated the FCRA and state law, and Plaintiffs are similarly entitled to an order enjoining said acts.

45.     As a result of Defendants' actions, omissions and violations, Plaintiffs are entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

46.     Defendants' actions, omissions, and violations, as alleged herein, constitute the negligent and intentional infliction of mental and emotional distress upon Plaintiffs, proximately causing Plaintiffs to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiffs respectfully pray that judgment be entered against Defendants, jointly and severally, by this Court for the following:

a)      Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants ACA Financial and Citifinancial to be unlawful, enjoining such Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b)      Award Plaintiffs actual damages;

c)      Award Plaintiffs punitive damages;

d)   Award Plaintiffs statutory damages where applicable;

e)   Award Plaintiffs compensatory damages for mental and emotional distress, humiliation and embarrassment;

f)   Award Plaintiffs reasonable attorney's fees and costs of this litigation; and

g)   Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 6th day of _October_, 2009.

**PLAINTIFFS DEMAND TRIAL BY JURY**

Anthony Brian Bush (BUS028)
*Attorney for Plaintiffs*
**LEWIS, BUSH & FAULK, LLC**
The Bailey Building, Second Floor
P.O. Box 5059 (36103)
400 South Union Street, Suite 230
Montgomery, Alabama 36104
(334) 263-7733        Phone
(334) 832-4390        Facsimile
anthonybbush@yahoo.com
ASB: ASB-7306-A54B

**DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES**

**ACA FINANCIAL SERVICES, INC.**
c/o Tony E. Ellison - Registered Agent
890 West Main Street, Suite 2
Dothan, Alabama 36301

**CITIFINANCIAL CORPORATION, LLC**
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

**EQUIFAX INFORMATION SERVICES, LLC**
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109